UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-24465-BLOOM/Elfenbein

DANIEL BOYLE,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Carnival") Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [22] ("Motion"). Plaintiff Daniel Boyle filed a Response in Opposition ("Response"), ECF No. [24], to which Carnival filed a Reply, ECF No. [28]. The Court has carefully reviewed the Motion, the Response, the Reply, the record in the case, and is otherwise fully advised. For the reasons set forth below, Carnival's Motion is granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff filed his Complaint against Carnival under maritime law, asserting a claim for Negligence—Failure to Maintain a Reasonably Safe Premises (Count I); Negligence—Failure to Warn (Count II); Negligence—Negligent Design and/or Approval of Design (Count III); and Negligent Creation of a Distraction-Induced Visual Hazard (Count IV). *See* ECF No. [16]. Plaintiff alleges that Carnival is a cruise line company that "owned, operated, managed, and controlled the cruise ship *Carnival Panorama*," the cruise ship Plaintiff was aboard when he suffered his injuries. *Id.* at ¶ 5. Plaintiff was unfamiliar with the layout of the ship and at 9:00 p.m. on October 2, 2024,

he was traversing "a common passenger walkway on Deck 5, near the 'JavaBlue Café' and bar area." *Id.* at ¶ 9. The walkway features a nearby "multi-story atrium" that is "intentionally designed . . . to draw the attention of passengers, and to create a 'wow' factor." *Id.* at ¶ 10. The "impressive view" of the atrium momentarily caught Plaintiff's attention as he headed toward the end of the walkway, which leads to "a landing that then leads down two (2) steps to a lower level." *Id.* at ¶¶ 11, 13. "The flooring on the upper landing, the nosing of the steps, and the flooring on the lower level are all of a substantially similar color, pattern, and finish, creating an optical camouflage that makes the change in elevation, particularly the two steps, difficult to perceive." *Id.* at ¶ 12. While there is lighting on the steps, those lights only make the steps "distinct if they are being looked at from the bottom up, but if looked at from the top down, [the lighting causes the steps] to blend together." *Id.* at ¶ 14. Consequently, as Plaintiff approached the staircase, "he stepped forward, reasonably believing the floor remained level," however, "[b]ecause the drop-off lacked a railing on the rights side along the bar[,] and [the steps were] camouflaged by the flooring choices and flat bar, [Plaintiff's] left foot encountered air and dropped unexpectedly[.]" *Id.* at ¶¶ 15-16. As a result, Plaintiff landed "with great force on the lower level, causing him to lose his balance and fall." *Id.* at ¶ 16.

Plaintiff alleges that Carnival was on notice of the dangerous conditions that caused his injuries. Carnival had actual notice because the atrium is routinely staffed by Carnival crew who are "aware of the 'awe-inspiring' and distracting nature of the atrium," and "knew passengers were routinely distracted by the display, failed to perceive the camouflaged steps, and or/or navigated the steps while looking up at the atrium." *Id.* at ¶ 23. Moreover, Carnival employees had previously "witnessed prior near-misses or stumbles at this exact location." *Id.* Carnival was also on

constructive notice because alleged dangerous conditions violated multiple industry safety standards for pedestrian walkways, including:

    a. ASTM F1637 (Standard Practice for Safe Walking Surfaces), regarding the provision of adequate visual cues for changes in elevation, including visual contrast on stair nosings;

    b. ASTM F1166 (Standard Practice for Human-Centered Design for Marine-VesselCommon-Passenger-Walking-Surfaces); and

    c. SOLAS regulations, which require escape routes (such as this main staircase) to be maintained in a safe condition, clear of obstacles and hazards, including visual hazards that create a risk of falls.

*Id.* at ¶ 24.

Because Carnival was on notice of the dangerous conditions, Plaintiff alleges Carnival breached it duty of care by:

    a. Failing to correct or remedy the optically camouflaged steps;

    b. Failing to install proper handrails on both sides of the steps;

    c. Failing to apply contrasting, high-visibility nosing to the steps;

    d. Failing to provide adequate lighting to distinguish the steps; and

    e. Failing to otherwise mitigate the foreseeable hazard created by the combination of a "hidden" staircase and a major, known passenger distraction.

Plaintiff maintains Carnival also breached its duty of care by failing to provide warnings such as

    a. Failing to post "Watch Your Step" signs;

    b. Failing to place warning mats or other tactile warnings; and

    c. Failing to have crew members verbally warn passengers in the area.

Furthermore, Plaintiff contends that because Carnival "was directly involved in, and had final approval over, the design, layout, and selection of materials" for *Carnival Panorama's* atrium staircase, flooring, and lighting, it is responsible for negligently designing the area where Plaintiff

3

fell and sustained his injuries. *Id.* at ¶¶ 34, 35. The negligent designs include: (1) combining "a major visual distraction with a poorly marked change in elevation and missing [ ] railing;" (2) using flooring materials "that were of such similar color and patten as to create an 'optical camouflage' concealing the steps;" (3) utilizing a design that did not comply with known, reasonable safety standards for visual cues; (4) failing to incorporate "redundant safety cues (e.g., tactile warnings, inset lighting) despite knowing the location was intentionally designed to distract passengers" *Id.* at ¶ 35.[1]

Carnival now seeks dismissal of the Amended Complaint and contends Plaintiff has failed to adequately plead notice in all four negligence counts, and Count IV is redundant. ECF No. [22].

Plaintiff responds that he has adequately alleged both actual and constructive notice, because nearby crewmembers likely observed other passengers' reactions or stumbles on the staircase, Carnival specifically approved the design of the staircase and atrium, and because Carnival should have been aware that the dangerous conditions were not in compliance with industry standards. ECF No. [24]. Plaintiff also argues that Count IV is not redundant because it

---

[1] Although seemingly redundant, Plaintiff also alleges that "Carnival created and maintained a dangerous visual and environmental condition by":

    a. Combining a significant visual distraction (the atrium) with a change in elevation that lacked necessary visual cues;

    b. Using flooring materials, patterns, and colors that concealed the two-step descent through optical camouflage;

    c. Failing to provide contrasting stair nosings, warnings, tactile cues, or handrails to counterbalance the known distraction;

    d. Providing lighting that made the steps more visible from the bottom up, but not from the top down — the direction in which passengers ordinarily approach.

ECF No. [16] at ¶ 41.

"pleads a distinct theory of liability focused on the environmental interplay between the atrium and the walkway, rather than just the design of the stairs themselves." *Id.* at 4.

## II. LEGAL STANDARD

### A. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

### B. General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro,* 693 F.3d at 1336 (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).

"To prevail on a negligence claim under a theory of direct liability, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Chaparro*, 693 F.3d at 1336). The duty of reasonable care requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. "In other words, a cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir.

2020). Thus, a cruise-ship operator's liability often "hinges on whether it knew or should have known about the dangerous condition." *Guevara*, 920 F.3d at 720.

### III.   DISCUSSION

#### A.  Notice

Under a direct theory of liability, a cruise ship operator only has a duty to warn or otherwise protect a passenger from danger if the operator has "actual or constructive notice of the unsafe condition." *Horne v. Carnival Corp.*, 741 F. App'x 607, 608 (11th Cir. 2018) (citing *Keefe*, 867 F.2d at 1322); *Yusko*, 4 F.4th at 1167 ("[P]assenger cannot succeed on a maritime negligence claim against a shipowner unless that shipowner had actual or constructive notice of a risk-creating condition."). "Actual notice exists when the defendant knows about the dangerous condition" and "[c]onstructive notice exists where 'the shipowner ought to have known of the peril to its passengers, the hazard having been present for a period of time so lengthy as to invite corrective measures.'" *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989) and citing *Guevara*, 920 F.3d at 720).

##### a.   Notice for Failure to Maintain (Count I) and Failure to Warn (Count II)

Carnival contends that Plaintiff's notice allegations are "entirely conclusory." ECF No. [22] at 4. While Plaintiff has provided substantial facts about the dangerous condition itself, Carnival argues that there is a dearth of facts suggesting that Carnival knew or should have known about the alleged dangers. Plaintiff responds that he has plead actual notice because it is reasonable from her allegations that the crew working at the nearby bar and in the atrium would have observed passengers "reactions, stumbles, or near falls" prior to the subject incident. ECF No. [24] at 3. Plaintiff further argues he properly alleged constructive notice because the dangerous condition—

the configuration of the stairs (specifically the optical camouflage) and the atrium—were permanent structures that Carnival "selected and approved" in violation of industry standards. Accordingly, Plaintiff insists that Carnival was on notice for a sufficient period to take corrective measures. *Id.* at 4.

The Court finds that Plaintiff failed to allege notice of the dangerous condition necessary to establish his failure to maintain and a failure to warn claims. Plaintiff's allegations of actual notice are that staff in this "high-traffic area" were "aware of the 'awe-inspiring' and distracting nature of the atrium" and knew that passengers were routinely distracted and failed to perceive the steps given that the crew had witnessed prior "near-misses or stumbles at this exact location." ECF No. [16] at ¶ 23. Plaintiff does not allege that he or any passenger on the cruise complained of a dangerous condition or that there was any specific prior instance where crew members were notified of the dangerous condition. *See Hernandez v. Carnival Corp.*, No. 25-CV-22122, 2025 WL 3205847, at *5 (S.D. Fla. Nov. 17, 2025). Instead, Plaintiff makes "conclusory statements that Defendant knew of the specific dangerous condition," because at some previous point in time, there nearly was an incident on the stairs. *Id.* Those vague allegations are insufficient to establish actual notice. *Donaldson v. Carnival Corp.*, No. 20-23258-CIV, 2020 WL 6801883, at *3 (S.D. Fla. Nov. 19, 2020) (finding vague allegations that prior incidents occurred was insufficient). Indeed, the Eleventh Circuit in *Holland v. Carnival Corp.*, found virtually the same notice allegations were not enough to survive a motion to dismiss. *See* 50 F.4th 1088, 1095 (11th Cir. 2022) (concluding that allegations failed to establish notice of the dangerous staircase where the plaintiff alleged that there were "crewmembers working in shops surrounding the staircase," it was

8

a high-traffic area, the crewmembers had "a clear unobstructed view of the staircase," and that there were "frequently spills on the staircase").[2]

Plaintiff's constructive notice allegations are similarly deficient. While courts in this district have long established that non-compliance with industry standards may support an inference that a defendant was on notice of dangerous conditions, the Eleventh Circuit has never "held that failure to meet industry standards, standing alone, puts a cruise line on notice of a dangerous condition." *Francis v. MSC Cruises, S.A.*, No. 21-12513, 2022 WL 4393188, at *3 (11th Cir. Sept. 23, 2022); *see Andersen v. Royal Caribbean Cruises Ltd.*, No. 19-CV-24639, 2021 WL 2414151, at *9 (S.D. Fla. Jun. 14, 2021) ("[F]ail[ure] to comply with industry safety standards, together with other evidence of notice, can be used to establish constructive notice.") (citing *Bunch v. Carnival Corp.*, 825 F. App'x 713, 715-16 (11th 2020); *Holley v. Carnival Corp.*, No. 1:20-CV-20495, 2021 WL 5371507, at *7 (S.D. Fla. Nov. 18, 2021).

Accordingly, Plaintiff's industry standards allegations are insufficient as he fails to offer any additional facts that plausibly establish Carnival was on constructive notice. *See Haddad v. Celebrity Cruises Inc.*, No. 1:25-CV-20330-KMM, 2025 WL 3145895, at *3 (S.D. Fla. Oct. 31, 2025) (allegation that gangway ramp did not comply with industry standards did not establish notice of a dangerous condition). Plaintiff does not allege any prior slip and fall incidents took place on the stairs. At most, he conclusory asserts that there was prior "near misses." However, non-specific prior incidents do not help to establish notice. *See id.* at *3 ("Plaintiff needs to do more than provide conclusory allegations about the existence of substantially similar incidents in order to allege constructive notice.") (citing *Holland*, 50 F.4th at 1096); *Navarro v. Carnival*

---

[2] While Plaintiff contends that it is reasonable to infer that crew working daily near a fixed structure *"would have* observed passenger reactions, stumbles or near falls," actual notice only occurs if there are facts establishing that the crew did, in fact, observe those things not just that they should have observed those incidents.

9

*Corp.*, No. 19-cv-21072, 2020 WL 1307185, at *3 (S.D. Fla. Mar. 19, 2020) ("[A]side from the conclusory allegation that Carnival 'was or should have been aware' of the risk creating condition—there are no factual allegations supporting conclusion that Carnival knew of this risk creating condition . . .."). Therefore, because Plaintiff's allegations of actual and constructive notice are insufficient to establish a failure to warn and failure to maintain, Count I and Count II of the Complaint are dismissed.

### b. Notice for Negligent Design (Count III) and Negligent Creation of a Distraction-Induced Visual Hazard

While Plaintiff's notice allegations are insufficient to plausibly establish his failure to maintain and his failure to warn claim, Plaintiff has adequately alleged notice with respect to the Negligent Design and Negligent Creation of a Distraction-Induced Visual Hazard claim in Counts III and IV. To establish notice for a negligent design claim, actual or constructive notice is still required but the facts demonstrating actual notice are different. *See Groves v. Royal Caribbean Cruises, Ltd.*, 463 F. App'x 837, 837 (11th Cir. 2012). A plaintiff may demonstrate notice of a negligent design where the plaintiff "alleges that a cruise line defendant 'specified, approved and/or accepted' and was intimately involved with and ultimately approved the design' of the area that caused injury to a plaintiff[.]" *Donaldson v. Carnival Corp.*, No. 20-23258-CIV, 2020 WL 6801883, at *4 (S.D. Fla. Nov. 19, 2020) (citing *Castillo v. NCL Bahamas Ltd.*, No. 1:17-CV-23545, 2018 WL 1796260, at *4 (S.D. Fla. Jan. 5, 2018), *report and recommendation adopted by* 2018 WL 1795442 (S.D. Fla. Feb. 23, 2018); *see Iacoli v. MSC Cruises, S.A.*, No. 24-CV-20082, 2024 WL 3509584, at *7 (S.D. Fla. July 23, 2024)).[3]

---

[3] While Plaintiff has not cited a case, nor has the Court found one, where a court has recognized negligent creation of a distraction-induced visual hazard as a valid negligence theory of liability, the Court finds that it is most akin to a negligent design claim. As such, the Court finds the same notice requirements as negligent design apply to Plaintiff's negligent creation claim in Count IV.

10

Here, Plaintiff alleges in his Negligent Design claim that Carnival "was directly involved in, and had final approval over, the design, layout, and selection of materials for the Carnival *Panorama*, including the subject atrium staircase, flooring, and lighting." ECF No. [16] at ¶ 34. Similarly, in his Negligent Creation claim, Plaintiff alleges that "Carnival intentionally designed the Deck 5 atrium" and "created . . . a dangerous visual and environmental condition" by deciding to place the distracting atrium in close proximity to a staircase lacking necessary visual cues and adequate lighting. *Id.* at ¶¶ 39-40. Given these allegations, the Court finds that Plaintiff has plausibly established that Carnival "actually designed" the visually distracting atrium and the staircase where Plaintiff was injured, thus demonstrating that Carnival was on constructive notice of the dangers posed by their designs. As such, Carnival's request to dismiss Count III and Count IV based on lack of notice is denied.

### B.  Redundancy of Count IV

Carnival contends that Count IV—the Negligent Creation of a Distraction-Induced Visual Hazard claim—must be dismissed as redundant. Carnival argues that the allegations in Count IV "essentially mirror the allegations in Count III (Negligent Design)" and that it cannot be "held liable twice for the same alleged conduct." ECF No. [22] at 9.

Plaintiff responds that his "creation of distraction-induced hazard" claim is not redundant of his negligent design claim because he is arguing a new distinct theory of liability "focused on the environmental interplay between the atrium and the walkway, rather than just the design of the stairs themselves." ECF No. [24] at 4. According to Plaintiff, the jury could find that while the stairs were not defective, the stairs combined with a distracting visual environment and inadequate warnings was a defect amounting to negligence on the part of Carnival.

Case No. 25-cv-24465-BLOOM/Elfenbein

Even assuming that Plaintiff's claim in Count IV is redundant, the Court finds that redundancy is not an adequate basis for a dismissal under the circumstances. Indeed, a redundant claim cannot be dismissed under Rule 12(b)(6) because a motion to dismiss tests a claim's plausibility not redundancy. *See Wichael v. Wal-Mart Stores, E., LP*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014) ("[A] redundant claim should not be dismissed as long as it is valid"); *Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-23257-CIV, 2012 WL 5410609, at *4 (S.D. Fla. Nov. 6, 2012) ("To be sure, mere redundancy is not grounds for dismissal under Rule 12(b) (6) for failure to state a claim.") (citing *Kenneth F. Hackett & Assocs., Inc. v. GE Cap. Info. Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010)). Moreover, if the claims are wholly redundant, Carnival will suffer no prejudice as it will not have to spend additional time conducting discovery or briefing the additional claim. *See New Mkt. Realty 1L LLC v. Great Lakes Ins. SE*, 341 F.R.D. 322, 327 (M.D. Fla. 2022) (citing *Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-23257-CIV, 2012 WL 5410609, at *5 (S.D. Fla. Nov. 6, 2012) ("If, as plaintiff argues, the counterclaims are truly repetitious, then plaintiff will not have to expend much time on any additional discovery or briefing.")). Accordingly, because Plaintiff maintains that he is asserting a distinct theory of negligence liability, Carnival will not be unduly prejudiced, and Rule 12(b)(6) does not require the dismissal of redundant claims, Carnival's request to dismiss Count IV is denied.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Carnival's Motion to Dismiss Plaintiff's Amended Complaint, **ECF No. [22]**, is **GRANTED in part and DENIED in part**.
    a. **COUNT I** and **COUNT II** of the Amended Complaint, **ECF No. [16]**, are **DISMISSED**.

Case No. 25-cv-24465-BLOOM/Elfenbein

  b. Plaintiff may proceed with **Count III** and **Count IV** of the Amended Complaint.

2. Carnival shall file an answer to the Amended Complaint no later than **March 3, 2026.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 17, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

13