**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-cv-24465-BLOOM/Elfenbein

DANIEL BOYLE,
Plaintiff,

v.

CARNIVAL CORPORATION,
Defendant.
_______________________________________/

**PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE FOR LIMITED PURPOSES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Daniel Boyle, pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4) and Local Rule 7.1, moves to extend the deadline to complete discovery from November 24, 2026 to December 4, 2026, for the limited purposes identified below. The requested extension requires no change to the December 16, 2026 dispositive and Daubert motion deadline, the March 8, 2027 pretrial stipulation deadline, the March 16, 2027 calendar call, or the March 22, 2027 trial period set in the Court's Order Setting Trial and Pre-Trial Schedule [ECF No. 19]. Plaintiff proposed this relief to Carnival as a joint motion. Carnival's counsel stated by telephone on November 20, 2026 that Carnival was not opposed to additional time if the parties agreed on scope. Plaintiff sent a written proposal of scope on November 23, 2026. Counsel have not yet been able to speak, and Carnival has not stated its position. Because the deadline expires today, Plaintiff files this motion. In support, Plaintiff states:

## I. BACKGROUND

1. Plaintiff fell on October 12, 2024 at an unmarked two-step change in elevation at the foot of the Deck 3 atrium staircase aboard the Carnival Panorama, beside the Panorama Bar, and ruptured his left quadriceps tendon. Following the Court's Order on Carnival's Motion to

Dismiss [ECF No. 29], the surviving claims are negligent design and/or approval of design (Count III) and negligent creation of a distraction-induced visual hazard (Count IV).

2. The Court's scheduling order set November 24, 2026 as the deadline for completion of all discovery, including expert discovery, and December 16, 2026 for dispositive and Daubert motions. [ECF No. 19 at 2]. Magistrate Judge Elfenbein's Order Setting Discovery Procedures directs that motions "seeking to modify any discovery deadlines" be filed on the docket for the District Judge's consideration. [ECF No. 20 at 2 n.1].

3. Plaintiff diligently pursued discovery. Plaintiff served written discovery to which Carnival responded on April 6, 2026, obtained an order compelling a supplemental answer to Interrogatory No. 5 [ECF Nos. 39, 41], served a Rule 30(b)(6) notice on October 14, 2026, and took the deposition of Carnival's corporate representative, Noelle Henry, on November 10, 2026. Mediation was held on November 17, 2026 and resulted in an impasse.

4. The discovery that remains could not be completed by November 24, 2026 because of the timing of Carnival's responses, and in several instances the absence of any response:

**(a) Schedule "A," Part B documents.** The Rule 30(b)(6) notice served October 14, 2026 required production of the fourteen categories of documents in Part B of Schedule "A," or a written response identifying previously produced documents by Bates range, together with any privilege log, no later than seventy-two hours before the November 10 deposition. Carnival produced no documents, no written response, and no privilege log. Plaintiff conferred in writing on November 17, 2026 and by telephone on November 20, 2026. Carnival's written positions, served November 20, 2026, agreed to produce the specification for the handrail Carnival added to the atrium stairs in November 2025, stated that Carnival would "find out" whether CCTV exists for the prior incidents

Carnival disclosed in its Court-ordered supplemental answer to Interrogatory No. 5, and stated that Carnival would "inquire" about the identity of the bar staff on duty at the time of the incident. None of those items can be received, reviewed, and used before November 24.

**(b) The handrail specification.** Carnival produced the handrail specification, Bates-stamped CARNIVAL 000074, on November 20, 2026, after both parties served their rebuttal expert disclosures. The document as produced is a low-resolution image whose annotations cannot be read at any magnification; its file properties show that it was printed to PDF from a native spreadsheet. Plaintiff requested a legible native copy on November 23, 2026. Plaintiff's liability expert, Joellen Gill, has not had the opportunity to address this document.

**(c) Prior-incident records.** Carnival's supplemental answer to Interrogatory No. 5, served under the Court's order [ECF Nos. 39, 41], disclosed nine passenger falls at the same two-step configuration aboard the Panorama and its sister vessels between January 2023 and October 2024. Part B of the Schedule "A" called for the incident report, Sea Event record, and guest injury statement for each. Carnival produced none and logged none. At her deposition, Carnival's designee could not say whether the passengers involved went to the medical center, Henry Dep. 38:9–11 (transcript attached as Exhibit A), 39:16–25, and would not characterize any of the nine as similar to Plaintiff's fall because "[t]his is not the full gist of it," id. at 35:17–36:21. On November 20, 2026, Carnival stated for the first time that it considers those records privileged. Carnival's only privilege log, served April 6, 2026, identifies a single document.

**(d) The source of the handrail decision.** Carnival's designee testified that the additional handrail now occupies a position where no handrail existed on October 12, 2024, Henry Dep. 21:12–18; that the idea for it arose in the summer of 2024, "even prior to the incident," id. at 21:19–22; and that it was proposed by an employee in Carnival's safety department whom the designee identified as "Mr. Suhe (phonetic)," a senior manager in that department, id. at 22:3–10, and whom Carnival's counsel's November 20, 2026 written positions refer to as Sugey Morales. The designee prepared by speaking only with counsel, id. at 8:7–10, did not speak with anyone in technical operations or refit, id. at 11:4–6, reviewed no drawing, specification, or work order, id. at 23:1–5, and testified that how the decision was made is "out of my scope of knowledge for this one," id. at 70:9–14. Carnival objects to Ms. Morales's deposition. Plaintiff seeks a one-hour remote deposition limited to that pre-incident recommendation, or a prepared substitute designee on the same subject.

**(e) Carnival's own undertakings.** The designee agreed on the record to obtain the names of the three bartenders on duty at the Panorama Bar at the time of the fall. Henry Dep. 55:3–9. That information has not been provided.

**(f) Response to Request for Production No. 14.** Carnival's April 6, 2026 response states that "[t]here were no repairs or alterations made to the subject area from October 12, 2023, through the present." Carnival's amended answer to Interrogatory No. 9, verified June 22, 2026, states that a handrail was added to the Panorama's atrium stairs on November 16, 2025. Plaintiff has asked Carnival to correct the response under Rule 26(e).

(g) **The corporate representative transcript.** The transcript of the November 10, 2026 deposition was delivered on November 23, 2026, one day before the cutoff, leaving no time to raise any deficiency in the designee's preparation before the deadline.

5. Plaintiff conferred with Carnival's counsel by email on November 17, 2026; by telephone on November 20, 2026; by email on November 20 and November 23, 2026; and by email, telephone, and text message on November 24, 2026. On the November 20 call, Carnival's counsel stated that Carnival was not opposed to moving the discovery deadline provided the parties agreed on the scope of the remaining discovery. Plaintiff sent a written proposal of scope at 9:33 a.m. on November 23, 2026, and at 8:27 p.m. that evening asked to confer the next morning. At 9:37 p.m., Carnival's counsel replied that she could talk the morning of November 24 and was occupied with filings in another matter. On November 24, Plaintiff's counsel emailed at 10:29 a.m. that he was available for a call at any time; telephoned at 11:47 a.m. and left a voicemail; sent a text message at 12:13 p.m.; and emailed at 1:32 p.m. proposing hearing dates. At 1:37 p.m., Carnival's counsel replied by email that she was tied up and would try to call. Plaintiff received no call or further communication from Carnival's counsel that day. Plaintiff's counsel telephoned again at 4:52 p.m. As of filing, counsel have not spoken, Carnival has not stated its position, and Carnival has not provided its availability for a hearing.

## II. MEMORANDUM OF LAW

### A. Standard

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists where the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note); *accord*

*Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008). Because this motion is filed before the deadline expires, Rule 6(b)(1)(A) authorizes the extension for good cause.

**B. Good Cause Exists**

Plaintiff did not wait until the end of the discovery period. Plaintiff noticed the corporate representative deposition twenty-seven days before it was taken, conferred on the outstanding items in writing and by telephone before the cutoff. Each item that remains is traceable to information Carnival provided, or declined to provide, in the final days of the discovery period: the Part B documents that were never produced or logged; the handrail specification produced November 20 in illegible form; the prior-incident records first claimed as privileged on November 20; and the designee's testimony, delivered in transcript form on November 23, that she prepared by speaking only with counsel and that how the handrail decision was made is outside her knowledge.

Magistrate Judge Elfenbein's order states that "[t]he failure to complete depositions before the discovery cutoff does not constitute good cause to extend the discovery period." [ECF No. 20 at 9]. This motion does not rest on an unfinished deposition schedule. It rests on document productions that did not occur, on positions Carnival first disclosed four days before the cutoff, and on items Carnival itself has agreed to investigate but cannot complete before the deadline. The same order requires that discovery disputes be "fully completed prior to the expiration of the discovery cutoff." [ECF No. 20 at 2]. Without a brief extension, disputes that ripened on November 20 will be lost to the calendar rather than decided on the merits.

**C. The Requested Extension Is Narrow and Disturbs No Other Deadline**

Plaintiff requests ten days, to December 4, 2026, solely for the following:

(a) production of a legible, native copy of the handrail specification (CARNIVAL 000074), and service of a supplemental report by Plaintiff's liability expert limited to that document and any other material produced after November 19, 2026, within seven days after a legible copy is received, with Carnival's responsive supplement, limited to the same material, due seven days thereafter;

(b) Carnival's production of the items its November 20, 2026 written positions state it will investigate — whether CCTV exists for the disclosed prior incidents and the identity of the Panorama Bar staff on duty — and the items Plaintiff raised on the November 20 call and in his November 23 proposal: confirmation whether any HESS policy addresses handrails at passenger stairways, and the options on the cause-analysis field of Carnival's accident report form;

(c) a corrected response to Request for Production No. 14 under Rule 26(e);

(d) the depositions, by remote means, of any of the nine prior-incident passengers identified in Carnival's supplemental answer to Interrogatory No. 5 whom either party elects to depose;

(e) a one-hour remote deposition of Sugey Morales limited to the pre-incident recommendation to add a handrail at the subject steps, or a prepared Rule 30(b)(6) substitute designee on that subject, if the Court permits it; and

(f) presentation to Magistrate Judge Elfenbein, under the Order Setting Discovery Procedures [ECF No. 20], of the disputes concerning the Part B documents, the prior-incident records and privilege log, and Ms. Morales's deposition.

The December 16, 2026 dispositive and Daubert deadline, the March 8, 2027 pretrial submissions, the March 16, 2027 calendar call, and the March 22, 2027 trial period remain

unchanged. A ten-day extension leaves twelve days between the close of discovery and the motion deadline.

## III. CONCLUSION

Plaintiff respectfully requests that the Court extend the discovery deadline to December 4, 2026 solely for the purposes identified in Section II.C, leaving all other deadlines in ECF No. 19 undisturbed. The transcript of the deposition of Carnival's corporate representative, cited above, is attached as Exhibit A. A proposed order is attached as Exhibit B and will be emailed to Chambers in Word format.

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that he conferred with counsel for Defendant, Lauren S. Rose, Esq., by email on November 17, 2026; by telephone on November 20, 2026; by email on November 20 and November 23, 2026; and by email, telephone, and text message on November 24, 2026, in a good-faith effort to resolve the issues raised in this motion. On the November 20 call, Ms. Rose stated that Carnival was not opposed to extending the discovery deadline if the parties agreed on the scope of the remaining discovery. Undersigned counsel sent a written proposal of scope at 9:33 a.m. on November 23, 2026, and asked to confer by email at 8:27 p.m. that evening. At 9:37 p.m., Ms. Rose replied that she could talk the morning of November 24. On November 24, undersigned counsel emailed at 10:29 a.m. that he was available for a call at any time, telephoned at 11:47 a.m. and left a voicemail, sent a text message at 12:13 p.m., and emailed at 1:32 p.m. proposing hearing dates. At 1:37 p.m., Ms. Rose replied by email that she was tied up and would try to call. Undersigned counsel received no call or further communication from Ms. Rose that day, and telephoned her again at 4:52 p.m. As of the filing of this motion, counsel have not spoken, and undersigned counsel therefore

cannot state Carnival's position or the reason for any opposition. Because the discovery deadline expires today, Plaintiff files this motion now. Undersigned counsel will continue to confer and will promptly file a notice advising the Court of Carnival's position.

Respectfully submitted,

/s/ Michael A. Hoffman
Michael A. Hoffman (Florida Bar No. 89549)
MAHoffman@1800AskFree.com
ndvorak@1800askfree.com
marinab@1800askfree.com
David W. Singer & Associates, P.A.
1011 S. Federal Highway
Hollywood, Florida 33020
Telephone: (954) 920-1571
Cell: (954) 665-5290
Attorneys for Plaintiff Daniel Boyle